UNITED STATES, Appellee

v.

Terris N. CAVITT, Airman First Class
United States Air Force, Appellant

No. 11-0210

Crim. App. No. S31637

United States Court of Appeals for the Armed Forces

Decided February 25, 2011

PER CURIAM

<u>Counsel</u>

For Appellant:  <u>Lieutenant Colonel Gail E. Crawford</u> and
<u>Captain Andrew J. Unsicker</u>.

For Appellee:  <u>Gerald R. Bruce</u>, Esq.

Military Judge:  Gary Jackson

<u>THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION</u>.

PER CURIAM:

We consider whether the admission of a drug testing report through a surrogate witness violated the Confrontation Clause of the Sixth Amendment.[1] In light of United States v. Blazier, 69 M.J. 218 (C.A.A.F. 2010) (Blazier II), we find error under the Confrontation Clause and remand to the United States Air Force Court of Criminal Appeals (AFCCA) for consideration of whether the error was harmless beyond a reasonable doubt.

Pursuant to her pleas, Appellant was convicted of one specification of absence without leave and one specification of abuse of over-the-counter medication. Articles 86 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, 934 (2006). Contrary to her pleas, Appellant was convicted of one specification of wrongful use of marijuana and one specification of assault. Articles 112a and 128, UCMJ, 10 U.S.C. § 912a, 928 (2006).

---

[1] We grant the following issue:

> WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE ALLOWED DR. AARON JACOBS TO TESTIFY IN RELIANCE UPON TESTIMONIAL HEARSAY IN VIOLATION OF APPELLANT'S SIXTH AMENDMENT RIGHT TO CONFRONT WITNESSES AGAINST HER AND WHETHER THE ADMISSION OF THE 11 SEPTEMBER 2009 BROOKS DRUG TESTING REPORT WITHOUT THE IN-COURT APPEARANCE OF THE ANALYSTS WHO TESTED APPELLANT'S SAMPLE ALSO VIOLATED APPELLANT'S SIXTH AMENDMENT RIGHT TO CONFRONTATION.

United States v. Cavitt, No. 11-0210/AF

The drug testing report at issue -- admitted over defense objection to prove the marijuana charge -- consists of a cover memorandum stating the tests performed and the results thereof, a specimen custody document, a confirmation intervention log, a blind quality control memorandum, chain of custody documents, and machine-generated printouts of machine-generated data. The declarant who made statements on the cover memorandum did not testify. The drug test itself was conducted with Appellant's consent after she returned from unauthorized absence.

The AFCCA found error in the admission of the cover memorandum of the drug testing report. United States v. Cavitt, No. ACM S31637, slip. op. at 4 (A.F. Ct. Crim. App. Oct. 21, 2010). However, it found that error harmless beyond a reasonable doubt. Id. Moreover, it concluded that the remainder of the drug testing report was admissible under United States v. Magyari, 63 M.J. 123 (C.A.A.F. 2006), as a "business record," a "firmly rooted hearsay exception." Cavitt, No. ACM S31637, slip. op. at 4.

We reverse and remand for reconsideration in light of principles announced in Blazier II. First, the language concerning business records as admissible pursuant to a

"firmly rooted hearsay exception" derives from the "particularized guarantees of trustworthiness" test of Ohio v. Roberts. See 448 U.S. 56, 66 (1980) (holding that whether hearsay falls within a "firmly rooted" exception is an "indici[um] of reliability" sufficient to satisfy the Confrontation Clause). Despite our reliance on this language in Magyari, we made clear in Blazier II that the Confrontation Clause is not satisfied by "reliability" -- it requires confrontation of the declarant of testimonial hearsay. Blazier, 69 M.J. at 223 (stating that Crawford overruled the "particularized guarantees of trustworthiness" test and holding that "[s]ubstitute means of ensuring reliability do not satisfy the Confrontation Clause, no matter how efficacious they might be").

Second, in making the threshold determination of whether the remainder of the drug testing report contained testimonial hearsay, the AFCCA failed even to cite -- let alone consider -- this Court's decision in United States v. Harcrow, 66 M.J. 154 (C.A.A.F. 2008). In treating Magyari as the only case governing the admissibility of "machine-generated printouts, chain of custody forms, and the two intra-laboratory memos," Cavitt, No. ACM S31637, slip. op. at 4, the AFCCA failed to examine whether the facts of the case really supported application of Magyari. We note that

4

Appellant, unlike Magyari, was not randomly selected for urinalysis.

Third, and finally, the AFCCA's cursory finding that the expert witness gave "his opinion," Cavitt, No. ACM S31637, slip. op. at 4 (emphasis in original), takes no account of the fact that the expert witness's testimony produced at least one additional Confrontation Clause violation -- the testimony drawing attention to and repeating portions of the testimonial hearsay contained on the cover memorandum. See Blazier, 69 M.J. at 226.

In light of these errors, we reverse and remand for reconsideration of the harmless error issue in light of Blazier II.