UNITED STATES, Appellee

v.

Shannon L. DOLLAR, Airman
United States Air Force, Appellant

No. 11-0019

Crim. App. No. S31607

United States Court of Appeals for the Armed Forces

Decided February 25, 2011

PER CURIAM

<u>Counsel</u>

For Appellant:  Lieutenant Colonel Gail E. Crawford and
Major Reggie D. Yager.

For Appellee:  Gerald R. Bruce, Esq.

Military Judge:  Maura T. McGowan

**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Dollar, No. 11-0019/AF

PER CURIAM:

We consider whether the preadmission of two drug testing reports violated the Confrontation Clause of the Sixth Amendment.[1]  In light of United States v. Blazier, 69 M.J. 218 (C.A.A.F. 2010) (Blazier II), we find error under the Confrontation Clause and remand to the United States Air Force Court of Criminal Appeals (AFCCA) for consideration of whether the error was harmless beyond a reasonable doubt.

Pursuant to his pleas, Appellant was convicted of one specification of adultery.  Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006).  Contrary to his pleas, he was convicted of four specifications of wrongful use of cocaine.  Article 112a, UCMJ, 10 U.S.C. § 912a (2006).  The drug testing reports at issue -- preadmitted over defense objection to prove the cocaine charges -- each consists of a cover memorandum stating the tests and results, a specimen custody document, chain of

_____

[1] We grant the following issue:

> WHETHER THE AFCCA ERRED, AFTER FINDING
> TESTIMONIAL EVIDENCE HAD BEEN IMPROPERLY
> ADMITTED AT TRIAL, BY CONCLUDING APPELLANT'S
> CONFRONTATION RIGHTS WERE NEVERTHELESS
> SATISFIED BY THE TESTIMONY OF AN EXPERT
> WITNESS, OR ALTERNATIVELY, THAT THE TRIAL
> ERROR WAS HARMLESS BEYOND A REASONABLE
> DOUBT.

2

custody documents, and machine-generated printouts of machine-generated data.  The declarants who made statements on the cover memoranda did not testify.  The first drug test was conducted pursuant to random inspection, and the second test was conducted as a follow-up when the first test yielded positive results.

The AFCCA originally found that admission of the two drug testing reports did not violate the Confrontation Clause.  United States v. Dollar, No. ACM S31607, 2010 CCA LEXIS 141, at *18, 2010 WL 4069014, at *7 (A.F. Ct. Crim. App. Mar. 22, 2010).  After this Court announced its decision in United States v. Blazier, 68 M.J. 439 (C.A.A.F. 2010) (Blazier I), the AFCCA issued a new opinion finding that although the cover memoranda contained testimonial hearsay, "the Confrontation Clause was satisfied by the testimony of the government's expert witness," Dr. David A. Turner.  United States v. Dollar, No. ACM S31607 (f rev), 2010 CCA LEXIS 166, at *9, 2010 WL 4069031, at *3 (A.F. Ct. Crim. App. July 21, 2010).  The AFCCA went on to hold that "even if [Dr. Turner's] testimony does not satisfy the Confrontation Clause, the introduction of testimonial evidence was harmless beyond a reasonable doubt because [Dr. Turner] provided his opinion based upon his independent review of the [drug testing reports] without

relying upon the cover memorand[a]."  Id. at *10-*11, 2010
WL 4069031, at *4.

In light of Blazier II, the AFCCA's decision was
erroneous for two reasons.  First, it was error to admit
the cover memoranda through a surrogate witness.  See
Blazier, 69 M.J. at 223-24.  Second, in finding that any
error was harmless beyond a reasonable doubt, the AFCCA
incorrectly found that Dr. Turner did not rely upon the
cover memoranda in his testimony.  See id. at 225
("[N]either the rules of evidence nor the Confrontation
Clause permit an expert witness to act as a conduit for
repeating testimonial hearsay.") (emphasis in original).
The record reveals that Dr. Turner frequently referred to
the cover memoranda, and at one point read verbatim from a
cover memorandum in response to being asked, "[W]hat can
you conclude from the results?"

In light of these errors, we reverse and remand for
reconsideration of the harmless error issue in light of
Blazier II.