UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 SIMS, COOK, and GALLAGHER
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant First Class JOHN E. FENWICK, III
 United States Army, Appellant

 ARMY 20090498

 82d Airborne Division
 Gary J. Brockington, Military Judge
 Lieutenant Colonel Jeffrey C. Hagler, Staff Judge Advocate (pre-trial)
 Major Jessica A. Golembiewski, Acting Staff Judge Advocate (post-trial)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Captain Shay Stanford, JA; Captain Tiffany K. Dewell, JA (on
brief); Lieutenant Colonel Jonathan F. Potter, JA (additional pleadings).

For Appellee: Major Christopher B. Burgess, JA; Captain Chad M. Fisher,
JA; Captain Kenneth W. Borgnino, JA (on brief).

 30 September 2011

 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------

Per Curiam:

 A military judge, sitting as a special court-martial, convicted
appellant, pursuant to his pleas, of wrongful distribution of ecstasy and
cocaine in violation of Article 112a, Uniform Code of Military Justice, 10
U.S.C. § 912a [hereinafter UCMJ], and contrary to his pleas, of absence
without leave, disobeying a superior commissioned officer, and wrongful use
of marijuana and cocaine, in violation of Articles 86, 90, and 112a UCMJ,
10 U.S.C. §§ 886, 890, and 912a. Appellant was sentenced to a bad-conduct
discharge, confinement for ten months, forfeiture of $2,260.00 pay per
month for ten months, and reduction to the grade of E-1. The convening
authority approved the adjudged sentence and credited appellant with 126
days of confinement against the sentence to confinement.

 Before this court, appellant cites Crawford v. Washington, 541 U.S. 36
(2004), Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (2009), and United
States v. Blazier, 69 M.J. 218 (C.A.A.F. 2010) in support of his contention
that the military judge erred in admitting into evidence Prosecution
Exhibit 11 (a Laboratory Documentation Packet which contained testimonial
hearsay). Although the government concedes that portions of Prosecution
Exhibit 11 “are likely testimonial,” the government argues both that a
surrogate expert witness satisfied appellant’s right to confront the
evidence contained in that exhibit and that the admission of the
testimonial portions of the packet, if erroneous, was harmless beyond a
reasonable doubt.

 Although we agree with the parties that some portions of Prosecution
Exhibit 11 are clearly testimonial, we reject the government’s arguments as
to the surrogate expert witness and the harmlessness of the error.

 LAW AND DISCUSSION

 The use of a surrogate witness “who did not sign the certification or
perform or observe the test” in question is not a constitutional substitute
for the cross-examination of the declarant whose testimonial statement is
actually admitted into evidence. Bullcoming v. New Mexico, ___ U.S. ___,
___, 131 S.Ct. 2705, 2710 (2011); see also Blazier, 69 M.J. at 223–24.
Additionally, the government expert in this case impermissibly called
“attention to the inadmissible testimonial hearsay contained on the cover
memorandum” by specifically referring to the cover memorandum and basing
her “opinion” that appellant had used marijuana and cocaine on the contents
of that cover memorandum. United States v. Cavitt, 69 M.J. 413 (C.A.A.F.
2011).

 Accordingly, we find that the admission of Prosecution Exhibit 11 was
plainly erroneous. After reviewing the entire record before us, we are not
convinced that the admission of the exhibit was harmless beyond a
reasonable doubt in this case.

 CONCLUSION

 The findings of guilty of the Specifications of the Additional Charge
are set aside and dismissed. The remaining findings of guilty are
affirmed. The dismissal of the Additional Charge does not dramatically
change the sentencing landscape. Reassessing the sentence on the basis of
the error noted, the entire record, and applying the principles of United
States v. Sales, 22 M.J. 305 (C.M.A. 1986), and United States v. Moffeit,
63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge
Baker in his concurring opinion in Moffeit, the court affirms only so much
of the sentence as provides for a bad-conduct discharge, confinement for
nine months, forfeiture of $933.00 pay per month for nine months, and
reduction to the grade of E-1. We conclude that such a sentence is at
least that which would have been imposed by a court-martial for the
remaining findings of guilt. All rights, privileges, and property, of
which appellant was deprived by virtue of that portion of his sentence
being set aside by this decision, are hereby ordered restored. See UCMJ
arts. 58(b) and 75(a).

 We have also considered the matters personally raised by appellant
pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982) and find
them to be without merit.

 FOR THE COURT:

 MALCOLM H. SQUIRES JR.
 Clerk of Court