**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman DARICK M. MERKLE**
**United States Air Force**

**ACM S32223**

**14 May 2015**

Sentence adjudged 10 January 2014 by SPCM convened at Cannon Air Force Base, New Mexico. Military Judge: Joshua E. Kastenberg.

Approved Sentence: Bad-conduct discharge, confinement for 12 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Anthony D. Ortiz.

Appellate Counsel for the United States: Major Daniel J. Breen; Major Mary Ellen Payne; and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

A panel of officer members sitting as a special court-martial convicted the appellant, contrary to his pleas, of two specifications of wrongful use of dextromethamphetamine and marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 12 months, and reduction to E-1.

The appellant avers two errors: (1) evidence of the Social Security number on the drug testing report and urine specimen bottle constituted testimonial hearsay from a

surrogate witness, and (2) his sentence is inappropriately severe. We conclude that the sentence is inappropriately severe and reassess the sentence accordingly.

*Background*

On 16 September 2013, the appellant submitted a urine sample in compliance with the random drug testing program. Testing at the Air Force Drug Testing Laboratory (AF DTL) revealed the presence of marijuana metabolites at the level of 58 nanograms per milliliter (ng/mL) which is above the cutoff level of 15 ng/mL. Pursuant to a *Bickel* order, the appellant was required to provide another urine sample on 11 October 2013. *See United States v. Bickel*, 30 M.J. 277 (C.M.A. 1990). AF DTL tested the sample and discovered concentrations above the 100 ng/mL cutoff levels of d-amphetamine (5,836 ng/mL) and d-methamphetamine (91,520 ng/mL).

*Testimonial Hearsay*

At trial, the appellant filed a motion to suppress portions of the drug testing reports. After the military judge granted the motion, the appellant did not object to the admission of the remaining portions of the reports. The appellant did not object when each of the two urine sample bottles were admitted into evidence. The urine sample bottles, sign-in logs, and redacted copies of the drug testing reports (DTR) were admitted into evidence.

At trial, Dr. Naresh Jain was recognized as an expert in forensic toxicology and testified for the prosecution. He testified that the Social Security number and the laboratory accession number on the urine bottles matched the numbers on the respective drug testing reports. He further testified that the urine samples that were previously contained in the now empty bottles produced the results in the DTRs.

Even though a military judge's decision to admit evidence is reviewed under an abuse of discretion standard, *United States v. Clayton*, 67 M.J. 283, 286 (C.A.A.F. 2009), the question of whether the admitted evidence violates the Confrontation Clause of the Sixth Amendment[1] is reviewed de novo. *United States v. Blazier*, 68 M.J. 439, 442 (C.A.A.F. 2010); *United States v. Harcrow*, 66 M.J. 154, 158 (C.A.A.F. 2008); *United States v. Rankin*, 64 M.J. 348, 351 (C.A.A.F. 2007). If we find a violation of the Confrontation Clause, we cannot affirm the decision unless this court is convinced beyond a reasonable doubt that the error was harmless. *See Rankin*, 64 M.J. at 353.

The Confrontation Clause guarantees an accused the right to confront witnesses who are giving testimony against him, unless the witnesses were unavailable to appear at trial and the accused had a prior opportunity to cross examine them. *See Crawford v.*

---

[1] U.S. CONST. amend VI.

*Washington*, 541 U.S. 36, 68 (2004). In *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009), the Supreme Court identified several "core" classes of testimonial statements covered by the Confrontation Clause. The admitted evidence in that case included forensic affidavits from the state laboratory attesting to "the fact in question," that the substance tested was in fact cocaine. *Id.* This was "[t]he precise testimony the analysts would be expected to provide if called at trial." *Id.* The Court explained that the affidavits were "functionally identical to live, in-court testimony, doing 'precisely what a witness does on direct examination.'" *Id.* at 310–11 (quoting *Davis v. Washington*, 547 U.S. 813, 830 (2006)); *see, e.g.*, *United States v. Cavitt*, 69 M.J. 413, 414 (C.A.A.F. 2011); *United States v. Dollar*, 69 M.J. 411 (C.A.A.F. 2011). Therefore, the admission of the forensic affidavits violated the Confrontation Clause.

Our superior court in *United States v. Tearman*, 72 M.J. 54 (C.A.A.F. 2013), found that chain of custody documents and internal review documents are nontestimonial. The *Blazier* court earlier held that machine-generated documents were also nontestimonial. 69 M.J. at 224. Our superior court distinguished these types of documents from the testimonial hearsay contained in confirmation summary pages generated at the request from law enforcement for the purpose of summarizing additional information. *United States v. Porter*, 72 M.J. 335, 337–38 (C.A.A.F. 2013).

The label on the bottle, to include the Social Security number and the addition of a laboratory accession number (LAN), is part of the internal chain of custody. The LAN is nontestimonial for all the same reasons that other portions of the chain of custody are nontestimonial: (1) the LAN is added when the sample arrives at the AF DTL and before any testing is conducted; (2) the LAN is used to maintain internal control, not to create evidence for use at a later trial; (3) it does not summarize or certify additional substantive information; (4) the LAN label lacks any indicia of formality or solemnity. *See Tearman*, 72 M.J. at 60–61 (setting forth reasons why internal chain of custody is nontestimonial). The LAN labels are not equivalent to forensic affidavits or summary confirmation pages. There was no error in admitting this nontestimonial evidence from the DTR and the urine bottles.

*Sentence Appropriateness*

This court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We review sentence appropriateness de novo, employing "a sweeping Congressional mandate to ensure 'a fair and just punishment for every accused.'" *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (quoting *United States v. Bauerback*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001)). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*,

63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007). We have a great deal of discretion in determining whether a particular sentence is appropriate, but we are not authorized to engage in exercises of clemency. *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).

Trial counsel argued for a sentence of a bad-conduct discharge, confinement for 9 months, reduction to E-1, and forfeitures of two-thirds pay per month for 12 months. The members instead sentenced him to a bad-conduct discharge, confinement for 12 months, and a reduction to E-1. The convening authority waived the automatic forfeitures for the benefit of the appellant's dependent and approved the adjudged sentence.

The appellant argues, in part, that trial counsel's proposed sentence should be treated as a concession that places an upper limit on the fairness of a sentence. We reject this argument. "As a trial counsel, the prosecutor represents both the United States and the interests of justice. The duty of the prosecutor is to seek justice, not merely to convict." Air Force Instruction 51-201, *Administration of Military Justice*, Attachment 3, Air Force Standards for Criminal Justice, Standard 3-1.2(c) (6 June 2013). Likewise, trial counsel's sentencing argument is not to seek only the maximum sentence but one that serves the interests of justice. However, the members are at liberty to consider the evidence presented, give it the weight they believe it is due and determine a fair and just sentence. We conclude trial counsel is obligated to argue for a sentence that seeks justice, but this does not limit the sentence that may be adjudged by the members (or trial judge), approved by the convening authority, or affirmed by this court.

We considered the entire record of trial. Our review included the appellant's unsworn statement, his enlisted performance reports, the defense exhibits submitted at trial, and the matters submitted during clemency. We also considered the facts of the offenses and all other properly admitted matters. The appellant's first enlisted performance report was a referral report for failing to obey a lawful order. He seemed to have corrected his behavior, and he served nearly eight years in the military in which he performed well until the current charges. However, in the spring of 2012, the appellant received a letter of reprimand for his involvement in an off-base drunk and disorderly incident. We also considered his accomplishments while deployed to Afghanistan. Several co-workers and supervisors provided evidence of his good duty performance. Based on our review of the entire record of trial, we have determined that a sentence to a bad-conduct discharge, 10 months of confinement, and a reduction to E-1 is appropriate.

*Conclusion*

The findings and sentence, as reassessed, are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence, as reassessed, are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court