UNITED STATES, Appellee

v.

James E. BARE Jr., Staff Sergeant
U.S. Air Force, Appellant

No. 06-0911

Crim. App. No. 35863

United States Court of Appeals for the Armed Forces

Argued February 28, 2007

Decided May 4, 2007

BAKER, J., delivered the opinion of the Court, in which EFFRON,
C.J., and ERDMANN, STUCKY, and RYAN, JJ., joined.

Counsel

For Appellant:  Major John N. Page III (argued); Lieutenant
Colonel Mark R. Strickland (on brief).

For Appellee:  Captain Jefferson E. McBride (argued); Colonel
Gerald R. Bruce and Major Matthew S. Ward (on brief).

Military Judge:  Lance B. Sigmon

**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Bare Jr., No. 06-0911/AF

Judge BAKER delivered the opinion of the Court.

Appellant was tried by general court-martial composed of officer and enlisted members. He was convicted, contrary to his pleas, of sodomy with a child under twelve and indecent liberties with a child, in violation of Articles 125 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 925, 934 (2000). Appellant pleaded guilty by exceptions to one specification of indecent acts with a child in violation of Article 134, UCMJ, but was found guilty as charged. The adjudged and approved sentence included a dishonorable discharge, confinement for forty years and reduction to grade E-1. The United States Air Force Court of Criminal Appeals affirmed. United States v. Bare, 63 M.J. 707 (A.F. Ct. Crim. App. 2006).

We granted review of the following issue:

WHETHER, IN LIGHT OF UNITED STATES V. BERRY, 61 M.J. 91 (C.A.A.F. 2005) AND UNITED STATES V. MCDONALD, 59 M.J. 426 (C.A.A.F. 2004), EVIDENCE OF UNCHARGED SEXUAL ACTS BETWEEN APPELLANT, WHEN HE WAS AN ADOLESCENT, AND HIS SISTER WAS IMPROPERLY ADMITTED AND MATERIALLY PREJUDICED APPELLANT.

Finding no error in the admission of the uncharged misconduct in this case, we affirm.

BACKGROUND

At the time of trial, Appellant was a thirty-four-year-old staff sergeant (E-5) with thirteen years of active service. The

2

charges against him stemmed from acts committed against his daughter, RB, over the course of several years. Appellant was charged with one specification of sodomy with a child under twelve on divers occasions, and one specification of sodomy with a child between twelve and sixteen years. The members acquitted Appellant of the latter specification. The indecent acts specification alleged that Appellant molested RB "by rubbing his penis against her body, by having her place her hands upon and fondle his genitalia, and by placing his hands upon and fondling her breasts, buttocks, and genitalia." Appellant pleaded guilty by exceptions to this specification, excepting the words "divers occasions," "by rubbing his penis against her body," and "buttocks and genitalia" (i.e., admitting only that he had touched her breasts while she touched his penis). An indecent liberties specification alleged that Appellant had RB wear women's lingerie and watched her urinate with intent to gratify his sexual desires.

Although RB was the only victim included in the charged offenses, two other victims of uncharged misconduct, KB and TA, also testified on the merits. TA, Appellant's stepdaughter, testified that Appellant had touched her breasts, legs, and back when she was about eleven years old. KB, Appellant's sister, testified that Appellant had molested her on a number of occasions from when she was about eight until she was about

eleven years old. Appellant was about eight years older than KB, making him between sixteen and nineteen years old when the alleged acts occurred. At trial, Appellant did not contest the admissibility of TA's testimony, but argued that KB's testimony should have been excluded under Military Rules of Evidence (M.R.E.) 414 and 403.

## DISCUSSION

M.R.E. 414(a) provides that "[i]n a court-martial in which the accused is charged with an offense of child molestation, evidence of the accused's commission of one or more offenses of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant."

Before admitting evidence of other sexual acts under M.R.E. 414, the military judge must make three threshold findings: (1) that the accused is charged with an act of child molestation as defined by M.R.E. 414(a); (2) that the proffered evidence is evidence of his commission of another offense of child molestation as defined by the Rule; and (3) the evidence is relevant under M.R.E. 401 and M.R.E. 402. United States v. Wright, 53 M.J. 476, 482 (C.A.A.F. 2000) (requiring threshold findings before admitting evidence under M.R.E. 413); United States v. Dewrell, 55 M.J. 131, 138 n.4 (C.A.A.F. 2001) ("As Rules 413 and 414 are essentially the same in substance, the analysis for proper admission of evidence under either should be

the same."). The military judge must also conduct a M.R.E. 403 balancing analysis, to which the following nonexhaustive list of factors is relevant: "[s]trength of proof of prior act -- conviction versus gossip; probative weight of evidence; potential for less prejudicial evidence; distraction of factfinder; and time needed for proof of prior conduct. . . . temporal proximity; frequency of the acts; presence or lack of intervening circumstances; and relationship between the parties." Wright, 53 M.J. at 482 (citations omitted).

Appellant does not contest that the evidence satisfies the three threshold requirements for admitting M.R.E. 414 evidence, but argues that the military judge erred in conducting the required M.R.E. 403 analysis. Appellant analogizes the facts of his case to those in United States v. Berry. 61 M.J. 91 (C.A.A.F. 2005). In Berry, the appellant was charged with committing forcible sodomy with an adult man in his home. Id. at 92. The government moved to admit evidence pursuant to M.R.E. 413 showing that when Berry was thirteen years old, he had talked a six-year-old boy into committing oral sodomy with him. Id. at 93. The military judge admitted this evidence, accepting the government's argument that it was relevant and probative under M.R.E. 413 to prove Berry's "propensity to sexually assault those who are in a position of vulnerability." Id. at 93, 94.

We reversed, concluding that the military judge was entitled to less deference on his ruling than was ordinarily due under the abuse of discretion standard because he failed to conduct a thorough M.R.E. 403 balancing test. Id. at 96. We noted that the military judge omitted discussion of four of the factors identified in Wright. Id. The omissions concerned the factors tending to weigh against admission, including the unfairly prejudicial effect of evidence that identified Berry as a "child molester" in a case in which he was not charged with child molestation, and the limited probative value of uncharged misconduct that allegedly occurred when Berry was clearly a minor. Id. at 96-98. In particular, the Court noted that "[d]uring the eight years between the two incidents Berry grew from a child of thirteen to an adult of twenty-one. . . . [T]here is no evidence suggesting that Berry's mens rea at twenty-one was the same as it was when he was a child of thirteen." Id. at 96-97. Consequently, we concluded that the military judge erred in admitting the evidence. Id. at 97.

In applying M.R.E. 403 to evidence otherwise admissible under M.R.E. 414 we apply an approach balancing numerous factors. No one factor is controlling, although in a given case it could be. Further, as noted in Berry:

> when projecting on a child the mens rea of an adult or extrapolating an adult mens rea from the acts of a child, military judges must take care to meaningfully analyze the different phases of the accused's development rather than treat those phases as unaffected by time, experience, and maturity.

61 M.J. at 97.

Appellant argues that, as in Berry, the military judge failed to give adequate consideration to his young age at the time the uncharged misconduct with KB occurred. As a result, he argues that the military judge's ruling is entitled to less deference before this Court and should be found to be erroneous.

Applying this framework to Appellant's case, like the lower court, we are persuaded the facts are distinguishable from those in Berry in several significant respects. First, unlike in Berry, the military judge conducted a meaningful M.R.E. 403 balancing analysis which considered factors weighing both against and in favor of admission of the evidence. Also, unlike Berry, Appellant was charged with an offense of child molestation, rather than a sexual assault on an adult. Appellant was also older than Berry at the time the uncharged misconduct occurred. Significantly, the conduct occurred while Appellant was an adult as well as an adolescent. KB testified that the molestation continued until the time Appellant moved out of the family home to get married and join the Air Force. By contrast, "[t]here was no evidence introduced to show that

7

Berry engaged in similar acts between the time he was thirteen and the time of the [charged] incident with SGT T eight years later." Berry, 61 M.J. at 96-97. Finally, the alleged incidents with KB were not a one-time event, but occurred regularly for a period of about two or three years. All of these factors make KB's testimony both more probative and less unfairly prejudicial than the testimony admitted in Berry. As such, the military judge did not abuse his discretion in admitting evidence of uncharged misconduct pursuant to M.R.E. 414.

Having concluded that the evidence of acts with KB was properly before the members under M.R.E. 414, we need not address Appellant's remaining contention that it was error to admit the same acts to prove common plan or intent under M.R.E. 404(b). M.R.E. 414 was "intended to provide for more liberal admissibility of character evidence in criminal cases of child molestation where the accused has committed a prior act of sexual assault or child molestation." Manual for Courts-Martial, United States, Analysis of the Military Rules of Evidence app. 22 at A22-37 (2005 ed.). Consequently, even if the military judge erred in determining that the evidence was relevant to one of the narrower purposes permitted by M.R.E. 404(b), any such error was harmless.

DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.