UNITED STATES

v.

**Senior Airman Jose A. BORUNDA,
United States Air Force.**

ACM S31425.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 28 Nov. 2007.

15 Jan. 2009.

608

Appellate Counsel for the Appellant: Major Shannon A. Bennett and Captain Michael A. Burnat.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Major Jeremy S. Weber, and Captain Michael T. Rakowski.

Before BRAND, FRANCIS, and JACKSON, Appellate Military Judges.

JACKSON, Judge:

A military judge sitting as a special court-martial convicted the appellant, in accordance with his pleas, of: one specification of divers wrongful use of marijuana; one specification of divers wrongful use of methamphetamine; and one specification of wrongful possession of drug paraphernalia, in violation of Articles 112a and 134, UCMJ, 10 U.S.C. §§ 912a, 934. The military judge sentenced the appellant to a bad-conduct discharge, seven months confinement, and reduction to E-1. The convening authority approved the findings and, pursuant to a pretrial agreement, approved the bad-conduct discharge, six months confinement,[1] and reduction to E-1. On appeal the appellant asks the Court to disapprove his bad-conduct discharge because his sentence is inappropriately severe.[2] We disagree and, finding no prejudicial error, affirm.

### Background

In early November 2006, the appellant met and befriended a local, base contractor. On five occasions over the course of a month, the appellant smoked methamphetamine with the contractor in the contractor's automobile. The appellant did not restrict his drug use to that with the contractor. In late December 2006, the appellant smoked methamphetamine on three occasions off-base with RR, a high school friend. In January 2007, the appellant smoked marijuana on two occasions with employees of the base commissary. On 17 January 2007, the appellant was randomly selected for a urinalysis. He provided a urine sample that subsequently tested positive for marijuana and methamphetamine.

On 30 January 2007, the Air Force Office of Special Investigations (AFOSI), having been apprised of the appellant's urinalysis results, summoned the appellant to their office for an interview. After a proper rights advisement, the appellant waived his rights and confessed to smoking marijuana on at least two occasions in January 2007 and methamphetamine eight times between the beginning of December 2006 and the end of January 2007. The appellant also consented to a search of his automobile. During the search of the appellant's automobile, the AFOSI found a glass pipe that the appellant had used to smoke methamphetamine.

The AFOSI sent the pipe to a criminal laboratory for analysis and the pipe subsequently tested positive for methamphetamine residue. Undeterred by the prospect of being caught, the appellant continued to smoke marijuana with friends. On 18 May 2007, 11 June 2007, and 27 September 2007, the appellant provided samples for urinalyses and each of those samples subsequently tested positive for marijuana.

### Discussion

#### Inappropriately Severe Sentence

This Court reviews sentence appropriateness de novo. *United States v. Baier*, 60 M.J. 382, 383–84 (C.A.A.F.2005). We make such determinations in light of the character of the offender, the nature and seriousness of his offense, and the entire record of trial. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982); *United States v. Bare*, 63 M.J. 707, 714 (A.F.Ct.Crim.App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F.2007). Additionally, while we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Lacy*, 50 M.J. 286, 288

---

1. The pretrial agreement obligated the convening authority to not approve confinement in excess of six months.

2. This issue is filed pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).

(C.A.A.F.1999); *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A.1988).

 In the case at hand, the appellant's uses of illegal drugs are serious offenses which compromise his standing as a military member. The fact that he would continue his illicit drug use after knowingly being caught by Air Force authorities is further indication of his unwillingness to comport with standards. Finally, the appellant's military record is less than exceptional—he received non-judicial punishment for underage drinking and a letter of reprimand for failure to go. In short, after carefully examining the submissions of counsel, the appellant's military record, and taking into account all the facts and circumstances surrounding the offenses of which the appellant was found guilty, we do not find the appellant's sentence inappropriately severe.

### Legality of Charging the Possession of Drug Paraphernalia as an Article 134, UCMJ Offense

Though not raised as an issue by appellate counsel, we take this opportunity to clarify the legality of charging the possession of drug paraphernalia as an Article 134, UCMJ offense. In *United States v. Caballero*, 49 C.M.R. 594, 1975 WL 15880 (C.M.A.1975), our superior court set aside a possession of drug paraphernalia conviction that had been charged under Article 134, UCMJ. Our superior court's rationale was that it "has long recognized and held that the possession of [drug] paraphernalia might otherwise be properly prosecuted as an Article 92[, UCMJ, 10 U.S.C. § 892] violation, *where such an order or regulation exists*," and declined to extend the reach of Article 134,

UCMJ to an offense that was proscribed by another article. *Caballero*, 49 C.M.R. at 597 (emphasis added).

In an unpublished opinion, this Court upheld a possession of drug paraphernalia conviction, charged under Article 134, UCMJ. *United States v. Tarver*, ACM 36368, 2006 WL 2843756 (A.F. Ct.Crim.App. 29 Sep. 2006) (unpub. op.). However, in recent years, a sister court upheld a possession of drug paraphernalia conviction, charged as a dereliction of duty under Article 92(3), UCMJ. *United States v. Green*, 58 M.J. 855 (Army Ct.Crim.App.2003). The sum of these cases may make it difficult to discern when the possession of drug paraphernalia may be proscribed under Articles 92 and 134, UCMJ.[3]

 We read *Caballero* to mean that when a lawful general order or regulation proscribing the possession of drug paraphernalia exists, an order or regulation which by definition is punitive,[4] the possession of drug paraphernalia, if charged, will only survive legal scrutiny as a violation of Article 92(1), UCMJ, and not as a violation of Article 134, UCMJ. Conversely, in the absence of a lawful general order or regulation, charging officials are at liberty to charge the possession of drug paraphernalia as a violation of Article 92(3), UCMJ,[5] or Article 134, UCMJ.[6] With this as a backdrop, we examine the case at hand. At the time the appellant was charged with possessing drug paraphernalia, there did not exist, and still does not exist, a lawful general order or regulation prohibiting such possession.[7] Thus, the charging officials were at legal liberty to charge the appellant's possession of drug paraphernalia as

---

**3.** We commend Colonel Mark Allred, the military trial judge, for raising this as an issue during the court-martial. It is an area of the law of which little has been written and admittedly more guidance is warranted.

**4.** *See United States v. Nardell*, 45 C.M.R. 101, 1972 WL 14133 (C.M.A.1972).

**5.** Possession of drug paraphernalia may be charged as a violation of Article 92(3), UCMJ, 10 U.S.C. § 892, if a duty to refrain from possessing such paraphernalia can be established. *United States v. Green*, 58 M.J. 855 (Army Ct.Crim.App. 2003).

**6.** *United States v. Tarver*, ACM 36368, 2006 WL 2843756 (A.F. Ct.Crim.App. 29 Sep. 2006) (unpub. op.) *review denied* 65 M.J. 249 (C.A.A.F. 2007).

**7.** Department of Defense Directive (DODD) 1010.4, *Drug and Alcohol Abuse by DoD Personnel* (11 Jan 1999), prohibited and currently prohibits such possession, but we agree with the well-reasoned opinion by our Army brethren that this directive is not punitive. *Green*, 58 M.J. at 857–858.

a violation of Article 92(3), UCMJ,[8] or Article 134, UCMJ, and did not err in charging his possession as a violation of Article 134, UCMJ.

### Erroneous Promulgating Order

Finally we note that the promulgating order erroneously: (1) omits the plea and finding for the specification of Charge II; and (2) substitutes, under the "SENTENCE" portion of the order, the language "findings were adjudged my" for "sentence was adjudged by." Preparation of a corrected court-martial order is hereby directed. *See United States v. Smith*, 30 M.J. 1022, 1028 (A.F.C.M.R.1990).

**8.** The duty requirement is imposed by DODD 1010.4.

### Conclusion

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000).

Accordingly, the approved findings and sentence are

AFFIRMED.