**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Master Sergeant HOLLY M. DICKINSON**
**United States Air Force**

**ACM S32134**

**10 February 2014**

Sentence adjudged 23 January 2013 by SPCM convened at Mountain Home Air Force Base, ID.  Military Judge:  Martin T. Mitchell (sitting alone).

Approved Sentence:  Bad-conduct discharge, confinement for 183 days, and reduction to E-4.

Appellate Counsel for the Appellant:  Lieutenant Colonel Jane E. Boomer.

Appellate Counsel for the United States:  Colonel Don M. Christensen; Major Brett D. Burton; and Gerald R. Bruce, Esquire.

Before

ROAN, SANTORO, and MARKSTEINER
Appellate Military Judges

This opinion is subject to editorial correction before final release.

PER CURIAM:

A special court-martial composed of a military judge sitting alone convicted the appellant, consistent with her pleas, of two specifications of making a false official statement; one specification of wrongful possession of Meperidine (commonly known as Demerol); one specification of larceny of Demerol; and one specification of larceny of Nalbuphine (commonly known as Nubain), in violation of Articles 107, 112a, and 121, UCMJ, 10 U.S.C. §§ 907, 912a, 921.  The military judge sua sponte held that the two false official statement specifications were an unreasonable multiplication of charges and merged them for sentencing.

The adjudged and approved sentence was a bad-conduct discharge, confinement for 183 days, and reduction to E-4.  Before us, the appellant asserts: (1) The military

judge abused his discretion in not sua sponte merging the specifications of larceny and possession of Demerol for sentencing purposes; and (2) Her sentence is inappropriately severe. We disagree and affirm.

*Background*

The appellant, the non-commissioned officer in charge of the base pharmacy, stole 83 syringes of Demerol and Nubain, prescription pain medications, from the pharmacy on 39 different occasions. The military treatment facility where she worked used a Pyxis machine to control the dispensing of medication. Without any lawful justification or authorization, the appellant accessed the Pyxis machine using her hospital access badge and fingerprint verification to steal and retain the drugs. On one occasion, her theft depleted the entire supply of pain medication, leaving the treatment facility without Demerol for several days. When Air Force Office of Special Investigations agents interviewed her in connection with the missing drugs, she lied and told them she had not been in the area and that she had been unable to access the Pyxis machine for weeks.

*Unreasonable Multiplication of Charges*

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges" against an accused. Rule for Courts-Martial 307(c)(4). The appellant unconditionally pled guilty to both the larceny and wrongful possession of Demerol on divers occasions between the same range of dates. Although the military judge did not specifically ask, the context of the appellant's statements in her *Care*[1] inquiry make clear that she would often retain the Demerol she had stolen for later use. The duration of her subsequent possessions was unstated, but included at least several periods of time long enough for her to go from being sober, to being intoxicated, to returning to sobriety.

The appellant raises the issue of unreasonable multiplication of charges for the first time on appeal. We hold that by not raising this issue at trial, the appellant has forfeited her right to relief on appeal absent plain error. *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009); *United States v. Butcher*, 56 M.J. 87, 93 (C.A.A.F. 2001). Plain error occurs when there is error, the error is plain or obvious, and the error results in material prejudice to a substantial right of the appellant. *United States v. Maynard*, 66 M.J. 242 (C.A.A.F. 2008). Here, we find no error, plain or otherwise. The larceny and possession of the Demerol represent discrete offenses on the part of the appellant. There was no requirement for the military judge to merge the two for sentencing. Moreover, the military judge was cognizant of his authority under *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001), to provide equitable relief when he deemed it appropriate, as he raised the issue himself and exercised that very

---

[1] *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969).

authority when he merged the false official statement specifications. Furthermore, after the military judge first raised the issue, the trial defense counsel, citing the appropriate legal standards, successfully argued for merger of the false official statement specifications, but remained mute with regard to the specifications now challenged on appeal. We find no error on the military judge's part.

The appellant has also failed to establish any material prejudice to a substantial right. Even had the military judge granted the relief the appellant belatedly seeks, the sentencing landscape in this judge-alone special court-martial and the evidence upon which the military judge based his sentence would remain unchanged. We are convinced the appellant would have received the same sentence even if the larceny and possession charges had been merged for sentencing purposes.

*Sentence Appropriateness*

The appellant next argues her sentence to a bad-conduct discharge was inappropriately severe. This Court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd sub nom. Bare v. United States Air Force*, 65 M.J. 35 (C.A.A.F. 2007).

The appellant had approximately 16 1/2 years of service at the time of her offenses, a strong duty performance history, and attributed her criminal conduct to bad judgment in the midst of separation from her family. However, while we have a great deal of discretion in determining whether a particular sentence is appropriate, *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999), we are not authorized to engage in exercises of clemency. *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988). The approved sentence was clearly within the discretion of the convening authority and was appropriate in this case. Accordingly, we hold that the approved sentence is not inappropriately severe for a senior non-commissioned officer who, taking advantage of her duty position and knowledge of a system designed to keep controlled substances secure, on multiple occasions stole drugs from an Air Force military treatment facility and then lied about her conduct.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a)

and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and the sentence are

AFFIRMED.


FOR THE COURT


STEVEN LUCAS
Clerk of the Court