**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Staff Sergeant MICHAEL L. RYAN**
**United States Air Force**

**ACM S32150**

**28 March 2014**

Sentence adjudged 14 May 2013 by SPCM convened at Tinker Air Force Base, Oklahoma. Military Judge: Matthew D. van Dalen (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 3 months, and reduction to E-3.

Appellate Counsel for the Appellant: Captain Isaac C. Kennen.

Appellate Counsel for the United States: Colonel Don M. Christensen, Lieutenant Colonel Nurit Anderson, and Gerald R. Bruce, Esquire.

Before

ROAN, HARNEY, and MITCHELL
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

HARNEY, Senior Judge:

The appellant was convicted by a military judge sitting alone as a special court-martial, in accordance with his pleas, of two specifications of violating a lawful general regulation, Air Force Instruction 44-121, *Alcohol and Drug Abuse Prevention and Treatment (ADAPT) Program*, ¶ 3.2.3 (11 April 2011), by possessing and using "spice" on divers occasions; one specification of failure to obey a lawful order by breaking an off-limits order; and one specification of wrongful use of a controlled substance (amphetamine), in violation of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 3 months, and reduction to E-3.

On appeal, the appellant argues his sentence is inappropriately severe. We disagree and, for the reasons discussed below, affirm the findings and sentence.

*Background*

The appellant was a 26-year-old noncommissioned officer (NCO) who had served in the United States Air Force for more than six years at the time of his court-martial. For approximately three to four of those years, the appellant wrongfully possessed and used spice hundreds of times, sometimes multiple times a day, before, during, and after his duty day. The appellant possessed the spice on his person, in his car, and in his off-base house. Dozens of times, he entered Pipe Dreamz, an off-base establishment that was off-limits to military members, to purchase spice and associated paraphernalia, including a glass pipe to smoke spice.

For these offenses, the appellant was charged with the wrongful possession and use of spice on divers occasions and wrongfully entering an off-limits establishment. The appellant was also charged with the wrongful use of spice, which under the circumstances was prejudicial to good order and discipline in the armed forces, in violation of Article 134, UCMJ, 10 U.S.C. § 934. Approximately three weeks after those charges were preferred against the appellant, he knowingly and wrongfully ingested amphetamine at a party. Shortly thereafter, he was subject to a random urinalysis, which yielded a positive test result for D-Amphetamine, a Schedule II controlled substance. An additional charge was then referred against the appellant for wrongful use of amphetamine in violation of Article 112a, UCMJ.

The appellant entered into a pretrial agreement (PTA) in which he agreed to plead guilty to the Articles 92 and 112a, UCMJ, charges. He also agreed to enter into a stipulation of fact, waive all waivable motions, and elect trial by military judge alone. In exchange, the convening authority agreed to withdraw and dismiss with prejudice the Article 134, UCMJ, charge and limit any adjudged confinement to no more than 120 days. The military judge discussed the effect of this PTA with the appellant, including that the appellant agreed to give up his right to litigate waivable motions at trial and on appeal. The appellant acknowledged that he understood and accepted all the terms of the PTA.

Trial counsel's sentencing case included physical evidence of the appellant's spice possession and use, including a glass pipe and empty spice packets. Trial counsel also elicited testimony from the appellant's housemate, who had observed and tried to stop the appellant's spice use and who eventually reported the appellant's use to the Air Force Office of Special Investigations. As documentary evidence, trial counsel provided two Letters of Reprimand, two Letters of Counseling, and one Letter of Admonishment over a three-year period for various instances of failing to complete required tasks, missing

required appointments, and failing the run portion of the physical fitness test. The appellant's sentencing defense included copies of various awards, training certificates, and photographs, three letters of support from NCOs, one letter of support from a senior NCO, and a written unsworn statement.

*Discussion*

The appellant asserts his sentence, which included a bad-conduct discharge, is inappropriately severe and reflects dual punishment for one transaction – possessing spice and then using it during the same timeframe and in the same location. Trial defense counsel did not raise a motion for unreasonable multiplication of charges, and the appellant waived this issue at trial and on appeal by virtue of his PTA. We nevertheless review the lower court's decision under our Article 66(c), UCMJ, 10 U.S.C. § 866(c), power and find this argument to be without merit.

We "may affirm only . . . the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ. We review sentence appropriateness de novo, employing "a sweeping congressional mandate" to ensure "a fair and just punishment for every accused." *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (citations omitted). We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial. *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007) (citing *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988); *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)). We have a great deal of discretion in determining whether a particular sentence is appropriate but are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010); *Healy*, 26 M.J. at 395-96.

We have carefully examined the record, including submissions of counsel, the appellant's military record, and the negotiated PTA that capped confinement to 120 days with no other sentence limitations. We also have taken into account all the facts and circumstances surrounding the offenses for which the appellant pled and was found guilty. We find the appellant's actions a clear departure from the expected standards of conduct in the military, and his sentence appropriate. The maximum sentence in this case was the jurisdictional limits of a special court-martial: a bad-conduct discharge, confinement for 12 months, forfeiture of two-thirds pay and allowances for 12 months, reduction to E-1, and a reprimand. The appellant's sentence included a bad-conduct discharge, confinement for 3 months, and reduction to E-3, which is well below the potential maximum sentence he faced. In our view, the sentence, to include the bad-conduct discharge, was appropriate under the circumstances, particularly given the high frequency of the appellant's spice use during the military duty day over multiple years, and the appellant's subsequent wrongful use of amphetamine while court-martial

proceedings were pending. Finally, the appellant negotiated and entered into a PTA that capped confinement at 120 days, but left open the possibility of a bad-conduct discharge. The appellant gained the benefit of his bargain because the adjudged and approved sentence of 3 months of confinement fell below the cap.

We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all other matters contained in the record of trial. The approved sentence was clearly within the discretion of the convening authority and was appropriate in this case. Accordingly, we hold that the approved sentence is not inappropriately severe.

As part of his assertion that his sentence is too severe, the appellant argues the specifications for possession and use of spice constitute an unreasonable multiplication of charges. While the appellant affirmatively waived all waivable motions when he agreed to the terms of the PTA, he argues that such an unreasonable multiplication would subject him to an increased punitive exposure. Prior to accepting the PTA, the military judge ensured that the appellant knew and understood the effect of his waiver. *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001). Although he has waived an appeal on an unreasonable multiplication of charges, we analyze this claim under the auspices of his sentence severity claim.

In *Quiroz*, our superior court has set forth five factors to consider when deciding whether a given multiplication of charges was unreasonable: (1) Whether the appellant objected at trial to unreasonable multiplication; (2) Whether the offenses were facially duplicative; (3) Whether the offenses were aimed at distinct criminal acts; (4) Whether there was an unreasonable increase in punitive exposure; and (5) Whether the evidence shows prosecutorial overreaching or abuse in drafting the charges. *Id.*; *United States v. Campbell*, 71 M.J. 19, 24 (C.A.A.F. 2012).

Applying the *Quiroz* factors to the appellant's case, we find the specifications for possession and use of spice were not unreasonably multiplied. The offenses of possession and use, while sharing the same charged time frame and general location, each required proof of a fact the other did not and were distinct criminal acts. The appellant was also not subjected to any increase in punitive exposure for the multiple possession and use specifications since the maximum punishment was limited to that authorized by a special court-martial, and the Additional Charge for wrongful amphetamine use alone subjected the appellant to the special court-martial maximum sentence authorized. There also does not appear to be prosecutorial overreaching or abuse in the decision to charge the repeated offenses of use, possession, and entering an off-base establishment as divers instances.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court