**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman First Class SEANDALE J. CHAMBLEE**
**United States Air Force**

**ACM 38453**

**17 June 2014**

Sentence adjudged 14 August 2013 by GCM convened at McConnell Air Force Base, Kansas. Military Judge: Natalie D. Richardson (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 22 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Colonel Randall G. Snow.

Appellate Counsel for the United States: Gerald R. Bruce, Esquire.

Before

MARKSTEINER, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

MITCHELL, Judge:

A general court-martial composed of a military judge convicted the appellant, pursuant to his pleas, of desertion, false official statement, wrongful use of marijuana, and aggravated sexual assault in violation of Articles 85, 107, 112a, and 120, UCMJ, 10 U.S.C. §§ 885, 907, 912a, 920. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 22 months, total forfeiture of all pay and allowances, and reduction to E-1.

*Background*

By the time of his court-martial, the appellant was a 20-year-old Airman who had been in the Air Force for slightly more than 2 years. Around February 2011, when the appellant was a senior in high school, he met Ms. SA through Facebook. They met for the first time in person in June 2011 and began a dating relationship. The appellant enlisted in the Air Force and entered active duty on 12 July 2011. Throughout basic training and technical school training, the appellant kept in contact with Ms. SA. In June 2012, the appellant took leave and returned home. While home, he and Ms. SA decided to celebrate their one-year anniversary by engaging in sexual intercourse. Ms. SA did not turn 16 until the following month, July 2012. Later that summer, their relationship ended when the appellant became involved with another female. Ms. SA did not report the event to law enforcement.

The appellant was granted leave from 7–16 February 2013. He again returned home and met up with a friend, Mr. MC. Mr. MC was a college student and lived in the dorms at the nearby college. The appellant smoked marijuana with Mr. MC on several occasions. By the time his leave ended, the appellant decided not to return to McConnell Air Force Base, Kansas, and instead planned to move in with Mr. MC and enroll in college. He moved his belongings out of his mother's apartment and moved in with Mr. MC.

When the appellant did not return for his next duty day, his supervisor called his cellphone and spoke to him. The appellant falsely told his supervisor that he was currently driving back to base. While he remained away, the appellant posted a video on Facebook in which he is asking Mr. MC about a "blunt." The appellant's page was public so members of his squadron, his commander, and others were able to see that post and other status updates that described his partying instead of being at work. The appellant did not voluntarily return to military control. On 25 February 2013, Air Force law enforcement agents apprehended the appellant. He was subsequently placed in pretrial confinement. In the course of investigating the appellant's desertion and his connections to his home community, the law enforcement agents interviewed Ms. SA and learned about their sexual relationship while she was under the age of consent.

The appellant pled guilty to all charges and specifications—including the Article 120, UCMJ, charge with Ms. SA as the victim—pursuant to a pretrial agreement. The military judge properly ensured that the appellant was advised of the sex offender registration requirements. *See United States v. Riley*, 72 M.J. 115 (C.A.A.F. 2013).

The appellant submitted statements from Ms. SA and her father during the sentencing proceeding. Those statements explained that Ms. SA had saved every letter that the appellant sent her during his training. Ms. SA wrote about their relationship, stating that she loved the appellant and was praying that he would be able to overcome

this obstacle. She stated that she still had a good relationship with the appellant's mother. Her father, a reverend, wrote that in the beginning he closely supervised the relationship between the appellant and his daughter, an honor student. The appellant had respected his rules, and he allowed them to date—which included going to the movies together. He wrote: "I still think [the appellant] is a good and fair young man. I just think that he made a left turn instead of turning right."

The staff judge advocate obtained a "victim impact letter" from Ms. SA and included it as an attachment to the staff judge advocate's recommendation to the convening authority. Ms. SA wrote that she understood "the law is the law" but asked the convening authority to grant some clemency. She described the appellant as a good person who made mistakes and had learned his lesson. She described the impact thusly: "I believe that the most stressful and over-whelming impact that [the appellant's] 'crime' had on my life was having to answer questions and talk to attorneys often, and knowing that [he] was confined. I really wish that we would have waited so that maybe all of this could have been avoided, but everything happens for a reason."

The convening authority did not grant any clemency.

*Sentence Appropriateness*

While this case was submitted on the merits, we elect to address the appropriateness of the appellant's sentence. This Court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We review sentence appropriateness de novo, employing "a sweeping congressional mandate" to ensure "a fair and just punishment for every accused." *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (citations omitted). We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial. *See United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007).

The appellant's plea to all the offenses was provident. The convening authority was able to consider all the evidence as well as the victim impact statement prior to acting on clemency. With respect to the Article 120, UCMJ, charge, it was the convening authority's decision to determine whether the appellant's conduct warranted a conviction that will likely result in sex offender registration. The convening authority was able to consider that the sexual intercourse occurred when the appellant was 19 years old, with a girl he had dated for a year before he entered the Air Force, who was 15 years and 11 months old at the time, who wrote letters on the appellant's behalf, who expressed that the only victim impact came from the workings of the military justice process, and whose own father wrote a letter on the appellant's behalf.

We have a great deal of discretion in determining whether a particular sentence is appropriate, but we are not authorized to engage in exercises of clemency, *United States v. Healy*, 26 M.J. 395, 395-96 (C.M.A. 1988). In the absence of any error or other legal rationale, a decision to set aside a legal and factually sufficient plea would be an exercise in clemency. *See United States v. Nerad*, 69 M.J. 138 (C.A.A.F. 2010). Having reviewed the entire record to include the matters submitted post-trial, we have determined that the sentence as adjudged and approved is appropriate for the appellant's crimes.

## *Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38453