**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman Basic ROMEO D. TAYLOR**
**United States Air Force**

**ACM S32153**

**27 August 2014**

Sentence adjudged 22 April 2013 by SPCM convened at Whiteman Air Force Base, Missouri. Military Judge: Rodger A. Drew, Jr. (sitting alone).

Approved Sentence: Bad-conduct discharge and confinement for 5 months.

Appellate Counsel for the Appellant: Lieutenant Colonel Jane E. Boomer; Captain Isaac C. Kennen; and Captain Lauren A. Shure.

Appellate Counsel for the United States: Major Daniel J. Breen and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

MITCHELL, Senior Judge:

A special court-martial composed of a military judge convicted the appellant pursuant to his pleas of wrongfully using cocaine and larceny of merchandise from Walmart, in violation of Articles 112a and 121, UCMJ, 10 U.S.C. §§ 912a, 921. The adjudged and approved sentence consisted of a bad-conduct discharge and confinement for five months.

On 15 October 2012, the appellant and his fiancée had an argument. The appellant left the apartment they shared and went to a party. While at the party, he spoke to some

college students.  One of the students asked him if he had ever tried cocaine.  The appellant replied he had not and was told he should.  He followed these students into the basement and saw individuals snorting a white powdery substance off a glass table.  He paid them $5.00 and snorted a line.  Because he did not feel any effects from the first line, he was offered a second line at no additional cost.  The appellant inhaled the second line and felt "a rush of energy which kept [him] awake for the rest of the night."  The next day, Air Force Office of Special Investigation agents questioned the appellant regarding an unrelated offense.  He consented to provide a urine sample for testing.  The urinalysis results indicated cocaine use.

On 16 December 2012, the appellant was posted at the main gate to Whiteman Air Force Base as part of his duties as a Security Forces member.  He saw that another Security Forces Airman's debit card was on a table in the guard shack.   He took the debit card and used it to acquire gifts ("[t]oys, clothes—stuff like that") from a nearby Walmart.  After using the debit card to acquire the goods, he left the card at the store.[*]

*Sentence Appropriateness*

This Court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved."  Article 66(c), UCMJ, 10 U.S.C. § 866(c).  We review sentence appropriateness de novo, employing "a sweeping congressional mandate to ensure a fair and just punishment for every accused."  *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (quoting *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001)) (internal quotation marks omitted).  "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007).  We have a great deal of discretion in determining whether a particular sentence is appropriate, but we are not authorized to engage in exercises of clemency. *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988).

We have considered all the matters in the record of trial.  We choose to highlight a few of them.  At the time of the offenses, the appellant was living with his fiancée, her two minor children, and his three-year-old sister.  By the time of the second offense, he knew that his fiancée was pregnant.  The appellant had also suffered an ankle injury in February 2012 that resulted in a need for multiple surgeries.  The appellant voluntarily chose to ingest cocaine bought from college students he barely knew.  He should have

---

[*] The appellant does not challenge his plea to larceny of merchandise from Walmart by wrongfully obtaining the property by criminal false pretenses.  We likewise find the plea provident. *See United States v. Lubasky,* 68 M.J. 260 (C.A.A.F. 2010); *Manual for Courts-Martial*, *United States*, Part IV, ¶ 46.c.(1)(i)(vi) (2008 ed.) ("Wrongfully engaging in a credit, debit, or electronic transaction to obtain goods or money is an obtaining-type larceny by false pretense.  Such use to obtain goods is usually a larceny of those goods from the merchant offering them.")

known that by his choice to seek temporary solace in the haze of an illegal substance, he selfishly jeopardized his ability to provide for his family. He chose to take another Airman's debit card to fraudulently obtain merchandise from Walmart. He made this decision to begin this path of larceny while on duty as a Security Forces member at the front gate of an Air Force installation. Upon consideration of all matters in the record, we find the approved sentence to be appropriate.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court