# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class SHAUN M. CHENARD
### United States Air Force

## ACM S32246

## 30 April 2015

Sentence adjudged 1 April 2014 by SPCM convened at Schriever Air Force Base, Colorado. Military Judge: Christopher Schumann (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 3 months, forfeiture of $1021.00 pay per month for 3 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Anthony D. Ortiz.

Appellate Counsel for the United States: Lieutenant Colonel John E. Owen; Captain Richard J. Schrider; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

PER CURIAM:

Consistent with his pleas, the appellant was convicted at a special court-martial of wrongful use of cocaine, in violation of Article 112a, UCMJ, 10 U.S.C. §§ 912a. Officer members sentenced him to a bad-conduct discharge, confinement for 3 months, forfeiture of $1,012.00 pay per month for 3 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

On appeal, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant contends his sentence is inappropriately severe. Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings and sentence.

*Background*

While alone at a nightclub sometime in September 2013, the appellant declined an offer to purchase cocaine from other patrons. Later in the evening, he encountered these men using cocaine in the bathroom and accepted their offer to snort several lines. His urine tested positive during a subsequent random urinalysis conducted on 20 September 2013. The appellant again ingested cocaine, this time in pill form while at another nightclub in October 2013. A second urinalysis performed on 10 October 2013 was again positive for cocaine. Both test results indicated the presence of the cocaine metabolite at well above the Department of Defense cut-off level for cocaine.

*Sentence Appropriateness*

This court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We review sentence appropriateness de novo, employing "a sweeping Congressional mandate to ensure 'a fair and just punishment for every accused.'" *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (citations omitted). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007).

The appellant asks that this court find his bad-conduct discharge inappropriately severe in light of a serious on-duty injury he suffered prior to his trial. He points out that the military judge who presided over the appellant's court-martial provided a clemency letter indicating his view that the bad-conduct discharge was too severe given the facts of the appellant's case, his decision to plead guilty without a pretrial agreement, the severe injury[1] he suffered while working for the Air Force, the loss of medical treatment for that injury resulting from a punitive discharge, and the appellant's helpful testimony in a sexual assault case.

---

[1] On 21 October 2013, the appellant, a member of the Civil Engineer Squadron, was involved in a workplace accident while making a clock for the squadron's traditional going-away gift for a departing member. While the appellant was guiding a piece of wood into a table saw, his left hand became caught and four of the fingers were severed. Co-workers administered immediate first aid and retrieved the fingers. The appellant was flown to a Denver hospital for emergency surgery but the effort to reattach the fingers was unsuccessful. Following a safety investigation, the squadron no longer makes circular items on the table saw.

Like the military judge, we are sympathetic towards the appellant for the horrific injury he suffered. However, we find this circumstance sounds in clemency, which is not the province of this court. Although we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).

We have considered the entire record of trial, including the appellant's unsworn statement, his enlisted performance reports, the defense exhibits submitted at trial, and the matters submitted during clemency. We also considered the facts of the offense to which the appellant pled guilty and all other properly admitted matters, including the appellant's disciplinary record which includes a letter of reprimand for driving under the influence in May 2013 and two letters of counseling for failing to report to his duty section in a timely manner. Based on the review of the entire record of trial, we have determined that the adjudged and approved sentence is not inappropriately severe.

## *Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court