# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class JOSHUA W. MCKISSACK
### United States Air Force

## ACM 38737

## 2 March 2016

Sentence adjudged 4 September 2014 by GCM convened at Robins Air Force Base, Georgia. Military Judge: Lynn Watkins (sitting alone).

Approved sentence: Bad-conduct discharge, confinement for 9 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Grover H. Baxley and Captain Johnathan D. Legg.

Appellate Counsel for the United States: Captain Tyler B. Musselman and Gerald R. Bruce, Esquire.

Before

ALLRED, SANTORO, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SANTORO, Judge

A military judge sitting as a general court-martial convicted Appellant, contrary to his plea, of intentionally exposing his genitalia to a child via electronic messaging in violation of Article 120b, UCMJ, 10 U.S.C. § 920b.[*] The adjudged and approved

---

[*] The military judge found Appellant not guilty of attempting to commit a sexual act upon the same child and possession of child pornography. The military judge dismissed an additional specification alleging that Appellant attempted to entice that same child into engaging in sexual acts and conduct.

sentence was a bad-conduct discharge, confinement for 9 months, and reduction to E-1. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant argues that his sentence is inappropriately severe. We disagree and affirm.

*Background*

The 26-year-old Appellant was at the home of a deployed member of his squadron, helping his fellow Airman's wife move boxes. While he was there, he was introduced to two girls, ages 14 and 16, who were friends of the Airman's wife. Appellant engaged in conversation with both girls, watched what one called "kiddie movies" (referring to the juvenile and immature content of the movies) with them, and engaged in (non-sexual) playful behavior.

Appellant later sent Facebook "friend" requests to each of the girls and each accepted. He exchanged messages with the 16-year-old, but she eventually ended the conversation when he said things that made her uncomfortable. Appellant next engaged with the 14-year-old, had discussions of a sexual nature, and sent her a photograph of him in uniform with his pants unbuckled, and, later, a photograph of his erect penis.

*Sentence Appropriateness*

Appellant alleges that a bad-conduct discharge is inappropriately severe for the offense of which he was convicted. We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (2006); *United States v. Baier*, 60 M.J. 382, 383–84 (2005). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We assess sentence appropriateness by considering Appellant, the nature and seriousness of the offense, Appellant's record of service, and all matters contained in the record of trial. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982); *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (2007).

While we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010); *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999); *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988). The maximum imposable sentence was confinement for 15 years and a dishonorable discharge. The approved sentence of confinement for 9 months and a bad-conduct discharge was clearly within the discretion of the convening authority.

We have given individualized consideration to this Appellant, his conduct, and the other relevant matters within the record of trial. Appellant engaged in sexually-explicit conversations and sent images of himself in uniform and of his erect penis to a

14-year-old. The fact that he was introduced to his victim by the wife of a fellow Airman and squadron member, and that the victim initially trusted him because he was in the military and she aspired to be a military officer, further illustrates the service discrediting nature of his conduct. We, therefore, conclude that the approved sentence is not inappropriately severe.

## Conclusion

The findings are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

ACM 38737