# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Staff Sergeant JOSEPH L. CAMACHO JR
### United States Air Force

## ACM S32324

## 29 September 2016

Sentence adjudged 19 May 2015 by SPCM convened at Andersen Air Force Base, Guam. Military Judge: Gregory O. Friedland (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 30 days, and reduction to E-4.

Appellate Counsel for Appellant: Major Isaac C. Keenen.

Appellate Counsel for the United States: Captain Tyler B. Musselman and Gerald R. Bruce, Esquire.

Before

DUBRISKE, HARDING, and C. BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

C. BROWN, Judge:

A military judge sitting as a special court-martial convicted Appellant, pursuant to his pleas, of wrongfully using methamphetamine in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 30 days, restriction to the limits of Andersen Air Force Base for two months, hard labor without confinement for two months, and reduction to E-4. The military judge also made a clemency recommendation to the convening authority to consider mitigating the bad-conduct discharge to confinement for five months or, in the alternative, waive the mandatory forfeitures under Article 58b, UCMJ, 10 U.S.C. § 858b, for the

benefit of Appellant's dependents. Pursuant to Appellant's pretrial agreement, a charge and specification of larceny in violation of Article 121, UCMJ, 10 U.S.C. § 921, was dismissed with prejudice upon announcement of sentence. The convening authority approved only so much of the sentence that called for a bad-conduct discharge, confinement for 30 days, and reduction to E-4. Additionally, he waived the mandatory forfeitures for one month or until release from confinement, whichever came sooner.

On appeal, Appellant asserts his sentence is inappropriately severe. We disagree and affirm.

*Background*

Appellant was a non-commissioned officer and security forces member who was qualified as a "Phoenix Raven" and a member of the installation's flyaway security team.[1] These additional qualifications led to frequent temporary duty (TDY) where Appellant provided security for Air Mobility Command aircraft and personnel as they transited to and from various Areas of Responsibility (AOR), including travel into combat AORs. The significant amount of time spent TDY was a source of stress for his family. The rigorous travel, coupled with a change in his spouse's religious practices, led to his family staying in Washington State near Joint Base Lewis-McChord when Appellant was reassigned to Anderson Air Force Base, Guam in 2013, despite both Appellant and his wife being originally from Guam. Appellant claims the stress of being separated from his family and his spouse's stringent religious practices led him to start drinking heavily and eventually factored into his one-time use of methamphetamine.

Additional facts necessary to resolve the assignment of error are included below.

*Sentence Appropriateness*

Appellant alleges that a bad-conduct discharge is unreasonably severe for the offense of which he was convicted.[2] We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (2006); *United States v. Baier*, 60 M.J. 382, 383-84 (2005). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We assess

---

[1] Air Mobility Command's (AMC) Phoenix Raven program, implemented in 1997, consists of teams of specially trained security forces personnel dedicated to providing security for AMC aircraft that transit high terrorist and criminal threat areas.

[2] Appellant asks the court to review the sentence based upon whether it was 'reasonable" or "unreasonable," citing *United States v. Quiroz*, 55 M.J. 334, 339 (C.A.A.F. 2001). As the <u>Quiroz</u> test for unreasonable multiplication of charges is inapposite here, we instead analyze the sentence in terms of its "appropriateness." *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006); *United States v. Baier*, 60 M.J. 382, 383–84 (C.A.A.F. 2005); *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007).

sentence appropriateness by considering Appellant, the nature and seriousness of the offense, Appellant's record of service, and all matters contained in the record of trial. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982); *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (2007).

While we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988).

The maximum authorized sentence was the jurisdictional limit of the court-martial: reduction to E-1, two-thirds forfeiture of pay per month for 12 months, confinement for 12 months, and a bad-conduct discharge. Appellant negotiated a pretrial agreement limiting confinement to 90 days and permitting a bad-conduct discharge. The approved sentence of a reduction to E-4, confinement for 30 days and a bad-conduct discharge was clearly within the discretion of the convening authority.

Appellant argues the approved sentence is unreasonably severe based upon his offense being a one-time use of methamphetamine. Appellant cites several mitigating factors to support his argument. He contends his extensive deployment history, outstanding duty performance, and lack of disciplinary history weigh against the severe punishment of a punitive discharge. Appellant further contends the deterioration of his family life which he believes contributed to his drug use was partly attributable to his military duty where he was often called to serve abroad.

We have given individualized consideration to this Appellant, his conduct, his military career and accomplishments, and the other relevant matters within the record of trial. This includes the stress of Appellant's family life and the sacrifices he made while performing military duties around the world. While Appellant has an impressive military record, the mitigating factors in this case must be balanced against the nature and seriousness of the offense committed coupled with Appellant's experience as a 31-year old non-commissioned officer with over a decade of military service. The convening authority granted clemency by not approving the adjudged restriction and hard labor without confinement while waiving mandatory forfeitures for the benefit of Appellant's dependents. We conclude that the approved sentence is not inappropriately severe.

*Conclusion*

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).  Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court