# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

---

## UNITED STATES

**v.**

## Senior Airman TRAVIS W. PRICE
## United States Air Force

## ACM 38045 (rem)

## 22 April 2014

Sentence adjudged 20 July 2011 by GCM convened at Buckley Air Force Base, Colorado. Military Judge: Jeffrey A. Ferguson.

Approved Sentence: Dishonorable discharge, confinement for 3 years, and reduction to E-1.

Appellate Counsel for the appellant: Major Zaven T. Saroyan; Major Daniel E. Schoeni; and Stephen H. Carpenter, Jr., Esquire.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor. Smith; Major Tyson D. Kindness; and Gerald R. Bruce, Esquire.

Before

ROAN, HARNEY, and MITCHELL
Appellate Military Judges

This opinion is subject to editorial correction before final release.

PER CURIAM:

A general court-martial composed of officer members convicted the appellant, contrary to his pleas, of aggravated sexual abuse of a child, aggravated sexual assault of a child, indecent liberties with a child, and abusive sexual contact with a child, in violation of Article 120, UCMJ, 10 U.S.C. § 920. The court sentenced him to a dishonorable discharge, confinement for 3 years, and reduction to E-1. The convening authority approved the adjudged sentence. The appellant assigns five errors: (1) Ineffective assistance of counsel; (2) Denial of expert assistance; (3) Improper questioning by a panel member; (4) Failure to sua sponte excuse a panel member; and (5) Sentence appropriateness.

We previously affirmed the findings and sentence in this case. *United States v. Price*, ACM 38045 (A.F. Ct. Crim. App. 9 May 2013) (unpub. op.). On 1 August 2013, upon our own motion, this Court vacated the previous decision for reconsideration before a properly constituted panel and affirmed our prior decision. *United States v. Price*, ACM 38045 (recon) (A.F. Ct. Crim. App. 1 August 2013) (unpub. op.). On 21 November 2013, the Court of Appeals for the Armed Forces granted the appellant's petition for review on the issue of whether this Court's panel that reviewed the case was properly constituted. *United States v. Price*, __ M.J. __, No. 14-0096/AF (Daily Journal 21 November 2013). In the same order, our superior court set aside our decision and remanded the case for an additional review and consideration of the panel constitution under Article 66(c), UCMJ, 10 U.S.C. § 866(c). *Id.*

Our decision today reaffirms our earlier decision dated 1 August 2013.

*Ineffective Assistance of Counsel*

The appellant argues his trial defense counsel were ineffective by failing to object to alleged improper statements by trial counsel in opening statement and closing argument on findings and sentence. Claims of ineffective assistance of counsel are reviewed by applying the two-pronged test the Supreme Court set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007). Under *Strickland*, an appellant must demonstrate:

> (1) "a deficiency in counsel's performance that is 'so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment'"; and (2) that the deficient performance prejudiced the defense through errors "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Id.* (quoting *United States v. Moulton*, 47 M.J. 227, 229 (C.A.A.F. 1997); *Strickland*, 466 U.S. at 687)) (internal quotation marks omitted).

The deficiency prong requires an appellant show the performance of counsel fell below an objective standard of reasonableness, according to the prevailing standards of the profession. *Strickland*, 466 U.S. at 688. The prejudice prong requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Evidentiary hearings are required if there is any dispute regarding material facts in competing declarations submitted on appeal which cannot be resolved by the record of trial and appellate filings. *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997).

Applying these standards, we find that any material conflict in the respective declarations regarding this issue may be resolved by reference to the record and appellate filings without the need for an evidentiary hearing. A responsive declaration by trial defense counsel addresses the alleged deficiencies and provides sound tactical reasons for the decisions now questioned by the appellant. As stated by trial defense counsel, the comments complained of must be viewed in context. *United States v. Lewis*, 69 M.J. 379 (C.A.A.F. 2011). Applying the *Strickland* standard and viewing the comments in context, we do not find ineffective assistance by counsel's lack of objection to the cited comments.

*Denial of Expert Assistance*

The military judge denied the appellant's request for an expert consultant in forensic psychology on the basis that the appellant failed to show that the requested expert assistance was necessary. We review such a ruling for an abuse of discretion – a strict standard that requires more than a difference of opinion but a finding that the ruling was "arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010) (quotation marks and citations omitted). The entitlement to expert assistance depends on a showing of (1) why the expert is necessary, (2) what the expert will do, and (3) why counsel cannot accomplish the same tasks. *Id.* (citing *United States v. Gonzalez*, 39 M.J. 459, 461 (C.M.A. 1994)). Concerning necessity, the requestor has the burden to show more than a "mere *possibility* of assistance" but a "*reasonable probability* the expert would assist the defense and that denial of the expert would result in an unfair trial." *Id.* (citing *United States v. Bresnahan*, 62 M.J. 137, 143 (C.A.A.F. 2005)).

Applying these standards to the ruling in this case, we find no abuse of discretion in the denial of expert assistance. The generalized defense request for expert assistance to "review case materials" and "assess what psychological issues exist regarding memory, perception, and post-incident reporting and actions" could generically apply to any number of cases and raises no more than the mere possibility of assistance in this particular case. Likewise, vague statements that the expert would assist in "developing our case theory, exploring possible defenses, and interviewing the complainant" fail to show necessity. We find no abuse of discretion in the military judge's determination that the generalized statements offered to support the request fail to show the required necessity.

*Court Member Questioning and Sua Sponte Excusal*

After counsel completed their direct and cross examinations of the victim, a court member proposed to ask if the alleged sexual assault was the victim's first sexual experience. After the military judge excused the members, the victim answered that it was. Both counsel agreed that, given the answer, prior sexual behavior was not an issue

under Mil. R. Evid. 412. Trial defense counsel said that he "could maybe object to relevance," but trial counsel responded that the question was "certainly relevant" to evaluating the victim's description of the sexual encounter. The judge agreed with trial counsel, recalled the members, and asked the question, to which the victim replied, "Yes." The appellant now argues that the military judge erred by asking the question and permitting its answer without conducting a balancing test under Mil. R. Evid. 412.

We review a military judge's decision to admit evidence for an abuse of discretion. *See Lloyd*, 69 M.J. 95. Although the military judge did not expressly conduct a balancing test for admission of the testimony, we find no abuse of discretion. Like the parties at trial, we fail to see how the absence of sexual behavior qualifies as a matter of sexual behavior subject to the requirements of Mil. R. Evid. 412. The question and answer were relevant, could have cut either way in evaluating the victim's testimony, and certainly were not unfairly prejudicial.

Related to the complaint involving this question is the appellant's claim that the military judge should have sua sponte excused the member who asked it because the question shows actual or implied bias. We review decisions on actual or implied bias based on the totality of the circumstances. *United States v. Nash*, 71 M.J. 83 (C.A.A.F. 2012). In *Nash*, the appellant was charged with various acts of child sexual abuse. During the defense case on the merits, a court member submitted a question that asked if the witness thought "a pedophile can be rehabilitated." The parties objected to the question, and the defense challenged the member for cause on the basis that he had not kept an open mind. The military judge denied the challenge. Our superior court found an abuse of discretion in denying the challenge because "the plain language of [the] question indicates a conclusion as to Appellee's guilt" and that "he had not kept an open mind until the close of the evidence." *Id*. at 89.

Unlike the court member's question in *Nash*, the question here does not reveal any presumption of guilt, and no one at trial raised any concern that the court member should be excused for actual or implied bias. The victim had extensively testified concerning a sexual experience with the appellant. The court member's question naturally references that testimony as a predicate in asking a fact-based question that could provide, as the judge stated, "a benchmark" for evaluating the specifics of the testimony. Looking at the totality of the circumstances, including other questions asked by the member, we find no cause for the military judge to sua sponte intervene and excuse a member which neither side challenged.

*Sentence Appropriateness*

While conceding that his crimes are serious, the appellant argues that his sentence is inappropriately severe. We review sentence appropriateness de novo. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005). We make such determinations in

light of the character of the offender, the nature and seriousness of his offenses, and the entire record of trial. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982); *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007). Additionally, while we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999); *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988). Applying these standards to the present case we do not find the approved sentence inappropriately severe for the appellant's sexual abuse of a 13-year-old girl.

### *Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and the sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court